## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTHONY ELLIS** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case:** |
| **v.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **CHASE BANK USA, NA,** ) | |
| ) | |
| **Defendant.** ) | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, ANTHONY ELLIS, ("Plaintiff"), and for HIS Complaint against the Defendant, CHASE BANK USA, N.A. ("CHASE"), Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information and the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq*. (KCPA)

2.     On or about January 30, 2015, a policy or internal decision by CHASE triggered a convoluted cascade of events. CHASE canceled the debt for an account ending in 5036 and associated with the Plaintiff. ("The Account") Near the same time, CHASE also canceled portions of two other accounts after Chase and Plaintiff reached a

settlement agreement on the allegedly outstanding balances. CHASE accurately reported the second and accounts to the Credit Reporting Agencies ("CRA"), but CHASE continued to report a balance due and a past due balance on the Account to the CRAs. Further, CHASE demanded payment from Plaintiff, even after acknowledging that CHASE could no longer attempt to collect on the Account.

## JURISDICTION & VENUE

3.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a) because this is an action to recover damages or secure equitable or other relief under Acts of Congress, more specifically 15 U.S.C. § 1681.

4.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 1367 because the state law claims form the same case or controversy involving the questions of federal law.

5.      Venue in this District is proper in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

6.     Plaintiff is a natural person and resident of Kansas.

7.     The debt relevant to this dispute was incurred in the course of attempts at and actual acquisition of property or services for personal, family or household use, so Plaintiff is a "consumer" as that term is defined the FCRA at 15 U.S.C. § 1681a(c).

8.     CHASE is a corporation that regularly transacts business in Kansas.

9.     CHASE regularly and in the course of business furnishes information to various consumer reporting agencies regarding CHASE's transactions with consumers, and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

## STATEMENT OF FACTS

10.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

CHASE Canceled Plaintiff's Alleged Debt and Forced Plaintiff to Pay Taxes

11.     Sometime prior to 2015, Plaintiff opened the Account with CHASE.

12.     Sometime prior to January 30, 2015, CHASE began reporting the Account as having a balance and past due balance, reporting the same to the CRAs.

13.     On or about January 30, 2015, CHASE canceled the Account and decided to stop collection efforts, pursuant to CHASE's internal policies or decisions.

14.     In early 2016, CHASE sent Plaintiff and the IRS notice that CHASE canceled the Account.

15.     Creditors may only report a debt is canceled when the facts and circumstances demonstrate with certainty that a debt will never have to be repaid.

16.     Once a debtor has been released from all liability to repay a debt, they owe taxes on the amount forgiven, unless they meet an exception not relevant here.

17.     In reasonable, good faith reliance, Plaintiff paid taxes, including the amount his taxes increased by including the Account as cancellation of debt.

18.     Disability forced Plaintiff into retirement in 2015, making this a particularly harsh year to incur extra income as Plaintiff took his retirement distribution and paid a significantly higher tax rate for the income from cancellation of debt.

19.     CHASE continued to report the Account to the CRAs as still having a balance due and a past due balance, despite reporting to Plaintiff and the IRS that the Account was canceled.

20.     Near the same time, Plaintiff negotiated settlement with CHASE on two other accounts, paying less than the full amount allegedly owed.

21.     CHASE also reported the "unpaid" portion of the second and third account to the IRS as canceled, but CHASE accurately reported to the CRAs that those accounts no longer had a balance due or past due balance.

Plaintiff's Efforts to Resolve the Inaccurate Reporting

22.     After receiving the report from CHASE and filing his 2015 taxes, Plaintiff sought to refinance loans and obtain new credit, causing Plaintiff to become aware of CHASE's inconsistent reporting of Plaintiff's accounts.

23.     Plaintiff was alarmed and angered to discover that CHASE was continuing to report the Account as having a balance due and a past due balance, especially as the other two accounts were correctly reporting no balance due or past due balance.

24.     Plaintiff sent a dispute to the CRAs online, disputing CHASE's reporting a balance due on the Account.

25.     Pursuant to § 1681i of the FCRA, the CRAs investigated the Account for accuracy.

4

26.     As part of their investigation of Plaintiff's written dispute, the CRAs sent notice of Plaintiff's dispute to CHASE.

27.     Pursuant to § 1681s-2(b) of the FCRA, CHASE was then obligated to investigate the disputed information for accuracy and report the results to the CRAs.

28.     Pursuant to § 1681s-2(b) of the FCRA, CHASE was obligated to update and correct its reporting for any furnished information was inaccurate regarding The Account to all CRAs to whom CHASE had previously reported the Account.

29.     On information and belief, CHASE sent correspondence to the CRAs with whom Plaintiff disputed the Account indicating Plaintiff still owed a balance and that the Account was reporting correctly.

30.     In response to Plaintiff's written dispute, the CRAs reported to Plaintiff that the Account had been either verified or updated by CHASE.

31.     Plaintiff made multiple phone calls to CHASE to discuss the Account and seek resolution.

32.     CHASE demanded payment on the Account from Plaintiff, specifically stating that CHASE would continue to report a balance due until Plaintiff paid CHASE.

33.     CHASE continued to attempt to collect a debt that CHASE canceled, informed Plaintiff had been canceled, and forced Plaintiff to pay taxes on in reasonable, good-faith reliance on CHASE's representations.

## CLAIMS FOR RELIEF

## COUNT I: Declaratory Relief that CHASE Waived the Right to Collect the Account or is Equitably Estopped from Asserting that Right

34.     Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

CHASE Waived it's right to collect the Account

35.     Wavier occurs when a party to a contract voluntarily and intentionally renounces a known right or has taken action that is contrary to that right. *Steckline Comm. V. Journal Broadcast Group,* 388 P.3d 84, 91 (Kan. 2017).

36.     The Account was clearly a contract for credit between Plaintiff and Chase.

37.     CHASE's right to collect the amount due on the Account was a contractual right of CHASE's.

38.     Cancellation of debt is taxed under the theory that the debtor has realized an accession to wealth because they have zero liability to repay a debt. *United States v. Kirby Lumber Co.,* 284 U.S. 1 (1931); 26 U.S.C. 61(a)(12)(using the term "discharge.")

39.     A debt is only "canceled" when it becomes clear that a debt will "Never have to be paid." *Cozzi v. Comm'r.,* 88 T.C. 435, 441 (1987).

40.     CHASE waived any right to collect on the Account when, through the acts and omissions described above, CHASE voluntarily renounced its right to collect and took actions contrary to that right.

CHASE is equitably estopped from asserting the right to collect the Account

41.     Equitable estoppel "is a judicial doctrine sounding in equity that effectively draws the sting of an existing legal right by preventing its enforcement." *Steckline,* 388 P. 3d at 91-92.

42.     "A party may assert equitable estoppel to prevent a party from asserting a right where the offending party, by acts, representations, admissions, or silence when that other party had a duty to speak, induced the party asserting estoppel to believe certain facts existed. The party asserting estoppel must also show that the party reasonably relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts." *Owen Lumber Co. v. Chartrand*, 283 Kan. 911, 927, 157 P.3d 1109 (2007).

43.     CHASE acts and omissions alleged above led Plaintiff to believe that he no longer had any liability to repay the Account.

44.     Plaintiff, in good faith reliance on CHASE's representations and under threat of sanction and penalty from the IRS relied on CHASE's representations, reported receiving income from the cancellation of debt and paid taxes.

45.     The IRS has already administratively adjudicated that CHASE waived any right to collect on the Account as a basis for assessing a tax against Plaintiff.

46.     Equitably, CHASE can no longer claim a right to collect on the Account because this would prejudice Plaintiff in that the IRS has already administratively adjudicated that the Account is canceled and CHASE would be seeking an inconsistent adjudication that harms Plaintiff after CHASE had an opportunity to "correct" it reporting but remained silent.

7

**WHEREFORE,** Plaintiff prays for judgment on this ***Claim for Relief*** in his favor and against CHASE, and for Declaratory relief declaring that CHASE waived the right to collect the Account, or in the alternative is equitably estopped from asserting that Plaintiff owes CHASE any amount on the account.

**COUNT II: Negligent or Willful Violations of 15 U.S.C. § 1681*s-2* by CHASE**

47.    Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

CHASE Knowingly Reported Factually and Legally Inaccurate Information

48.    CHASE, as a furnisher, may not furnish any information relating to a consumer to any consumer reporting agency if CHASE knows or has reasonable cause to believe that the information is inaccurate. 15 U.S.C. § 1681s-2.

49.    CHASE received notice that Plaintiff had disputed the accuracy of CHASE's reporting after CHASE canceled the alleged debt, both directly from Plaintiff and from Plaintiff's disputes through the CRAs.

50.    Pursuant to the FCRA, 15 U.S.C. § 1681*s-2*(b), CHASE must perform a reasonable investigation of information furnished to CRAs when a Consumer disputes the accuracy with the CRAs.

51.    CHASE reasonably should have investigated to discover whether CHASE knew or had good cause to believe the information furnished regarding the Account was inaccurate because CHASE was legally obligated not to report such information.

52.     CHASE previously self-identified and reported to both Plaintiff and the IRS that CHASE canceled the Account, without any dispute or notice from Plaintiff.

53.     An unreasonable, cursory review of Plaintiff's dispute and CHASE's records would have revealed good cause to believe the reporting was inaccurate when it revealed a record of an "identifiable event" where CHASE canceled the Account and sent a 1099-C to Plaintiff and the IRS.

54.     A reasonable investigation into Plaintiff's dispute would have reviewed CHASE's 1099-Cs to the IRS and Plaintiff, CHASE's internal records related to filing the 1099-C, the financial benefit conferred to CHASE by filing a 1099-C, and the same CHASE policy and procedure CHASE previously used to identify the account as canceled in order to comply with IRS regulations.

55.     On information and belief, CHASE failed to perform a reasonable investigation because CHASE keeps separate records of "identifiable events" from the record CHASE examines for FCRA disputes.

56.     On information and belief, CHASE has no policy or procedure for cross-checking disputed accounts with other records to ensure the reviewed records are accurate.

57.     CHASE would have known its reporting was not accurate if CHASE had performed a reasonable investigation in good faith.

58.     A reasonable, good faith investigation would have resulted in CHASE changing their representation of the Account.

59.     CHASE clearly did not conduct a reasonable investigation in that CHASE's

continuing "validation" of its reporting must either be the result of failure to review CHASE's records or a mere pretextual review and "validation" regardless of actual merit.

60.    CHASE failed to perform a reasonable, good-faith investigation and then continued reporting a balance due and past due balance on the Account to the CRAs.

61.    By failing to conduct a reasonable investigation into Plaintiff's disputes, CHASE negligently violated § 1681*s-2*(b)(1).

62.    In the alternative, by willfully conducting a pretextual or less than a reasonable investigation into Plaintiff's disputes, CHASE willfully violated § 1681*s-2*(b)(1).

63.    As a direct and proximate result of CHASE's willful and/or negligent refusal to comply with the FCRA as described herein, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling Plaintiff to an award of actual damages as determined by the jury, plus attorney's fees and the costs of this action, pursuant to 15 U.S.C. § 1681*o*.

64.    CHASE's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against CHASE, pursuant to 15 U.S.C. § 1681*n*(a)(2).

**WHEREFORE** Plaintiff prays for judgment on this *Claim for Relief* in his favor and against CHASE, and for the following relief:

(a)    Actual damages sustained;

(b)    Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)    Punitive damages in an amount to be determined by the jury;

(d)    Reasonable attorney's fees and costs; and

(e)    Any further relief as deemed appropriate and just by this Honorable Court.


### COUNT III KANSAS CONSUMER PROTECTION ACT
**Deceptive and Unconscionable Acts in Violation of K.S.A. 50-623 *et seq.* by CHASE**

65.    Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

66.    Plaintiff is a consumer as defined by K.S.A. § 50-624(b) of the KCPA.

67.    CHASE is a supplier of consumer products as defined by K.S.A. § 50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act ("KCPA").

68.    The transaction is a consumer transaction as defined by K.S.A. § 50-624(c).

69.    K.S.A. § 50-626 provides that "No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

70.    The above-described actions and representations of CHASE are deceptive as described by K.S.A. § 50-626(b)(2) which prohibits the willful use, in any oral or

11

written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact, in this case specifically including whether CHASE retained a legal right to demand payment from Plaintiff.

71.     K.S.A. § 50-627 provides that "No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

72.     Unconscionability is a question for the Court, who is directed by K.S.A. § 50-627 to consider "circumstances of which the supplier knew or had reason to know, such as, but not limited to:

> (1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests. . .
>
> (6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.

73.     Defendant's acts and omissions as described above are deceptive under K.S.A. §50-626 and unconscionable under K.S.A. §50-627.

74.     Specifically, CHASE continued to attempt to collect the Debt when CHASE had no legal right to collect or was equitably estopped from collecting.

75.     CHASE also continued to attempt to collect the Debt after the IRS administratively adjudicated that Plaintiff was no longer obligated to repay the Debt based on CHASE's representations to the IRS.

76.     However, the IRS does not have jurisdiction over disputes between CHASE

and Plaintiff and has no authority to penalize CHASE for unjustly attempting to collect the Debt.

77.     On information and belief CHASE is aware that Plaintiff is also unable and/or unlikely to obtain relief through the CRAs by disputing CHASE's reporting.

78.     CHASE took advantage of Plaintiff's inability to seek relief through the IRS or the CRAs to attempt a collect a debt that CHASE is legally and/or equitably barred from collecting.

79.     On information and belief, CHASE's acts and omissions described above were CHASE's standard policy and/or procedures.

80.     CHASE's acts and omissions described above were identical to and/or substantively similar to CHASE's treatment of significant numbers of consumers similarly situated to Plaintiff.

81.     CHASE's acts and omissions described above were willful and part of a pattern of deceptive and unconscionable acts and practices.

82.     As a result of CHASE's acts and omissions described above, Plaintiff suffered damage, including but not limited to: loss of credit; loss of the ability to purchase and benefit from credit; increased cost of existing credit; loss from expenditure of significant time energy and effort; out of pocket costs; considerable distress, mental anguish, worry, frustration, fear and embarrassment.

83.     Each act or omission described above constitutes a separate violation of the KCPA.

84.     Because of CHASE's deceptive and unconscionable acts, Plaintiff is an

aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney's fees.

85.    CHASE's conduct was either intentionally harmful to Plaintiff or was in reckless disregard of or indifference to the rights of Plaintiff, thereby subjecting defendants to punitive damages.

86.    Pursuant to K.S.A. § 50-363, Plaintiff is entitled to the greater of actual damages or statutory damages in a sum set by the Court of not more than $10,000 for each violation.

87.    Plaintiff is a "Disabled person" and therefore a "Protected Consumer" as defined by K.S.A. § 50-676 and entitled to additional statutory damages in the amount to be determined by the Court of not more than $10,000 for each violation, pursuant to K.S.A § 50-677.

**WHEREFORE** Plaintiff prays for judgment on this *Claim for Relief* in his favor and against CHASE, and for the following relief:

(a)    Actual damages sustained, or in the alternative Statutory damages for each violation of the KCPA;

(b)    Enhanced civil penalties for each violation of the KCPA;

(c)    Punitive damages in an amount to be determined by the jury;

(d)    Reasonable attorney's fees and costs; and

(e)    Any further relief as deemed appropriate and just by this Honorable Court.

## DESIGNATION OF PLACED OF TRIAL

Plaintiff requests that trial be held in the above captioned matter at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: May 19, 2017

**CREDIT LAW CENTER, LLC**

By: *Keith N. Williston*
Keith N. Williston KS #78645
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
Tele:   (816) 246-7800
Fax:    (855) 523-5905
KeithW@creditlawcenter.com

**Attorney for Plaintiff**