**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANTHONY ELLIS,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**CHASE BANK USA, NA,**<br><br>        **Defendant.** | **Case No. 17-02290-DDC** |

## MEMORANDUM AND ORDER

Plaintiff Anthony Ellis brings this lawsuit against defendant Chase Bank, NA ("Chase"), asserting three claims in his First Amended Complaint—Count I seeks declaratory relief, Count II arises under the Fair Credit Reporting Act, and Count III alleges defendant's attempts to collect a debt from plaintiff were "Deceptive and Unconscionable Acts" that violated the Kansas Consumer Protection Act ("KCPA"), Kan. Stat. Ann. §§ 50-623, *et seq.* Doc. 7.

This matter comes before the court on defendant's Motion for Partial Dismissal of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 8. Defendant moves to dismiss only Count III—plaintiff's third claim under the KCPA. *Id.* For reasons explained below, the court grants defendant's motion.

### I.   Factual Background

The following facts are taken from plaintiff's First Amended Complaint (Doc. 7) and the court views them in the light most favorable to him. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) ("We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the [plaintiff].") (quotation omitted).

Defendant, as a national bank, solicits, engages in, or enforces consumer transactions in the ordinary course of its business. Plaintiff opened an account with defendant sometime before 2015. Defendant reported this account as having a past-due balance sometime before 2015.

In early 2016, defendant canceled the account and decided to stop collection efforts, consistent with defendant's internal policies. Defendant sent the IRS and plaintiff notice that it had cancelled plaintiff's account. Plaintiff's 2015 taxes increased because defendant cancelled the debt on the account. Plaintiff paid a significantly higher tax rate because he realized income from debt cancellation. Plaintiff's disability forced him into retirement in 2015, and also contributed to his incurring a higher tax rate.

Also, plaintiff had a second and third account with defendant. Plaintiff settled an unpaid portion of both his second and third accounts. Defendant accurately reported the second and third accounts as ones with no balance due. Defendant continued to demand payment on plaintiff's first account and asserted it would continue to report the amount due until plaintiff paid defendant.

## II.    Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the factual allegations in the complaint are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)) (further citations omitted). A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)) (internal quotation omitted).

### III.   Analysis

#### A. Judicial Notice

On a motion to dismiss, the court may take judicial notice of public records from other proceedings without converting the motion into one seeking summary judgment. *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 931 F. Supp. 2d 1120, 1123 (D. Kan. 2013) (first citing

*United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); then citing *Hemphill v. Kimberly-Clark Corp.*, 605 F. Supp. 2d 183, 186 (D.D.C. 2009)); *see also Tal v. Hogan*, 453 F. 3d 1244, 1264 n.24 (10th Cir. 2006). Thus, this court may take judicial notice of facts which are a matter of public record.

Defendant asserts that its status as a national bank regulated by the office of the Comptroller of Currency ("OCC") is a matter of public record[1] and the court should take judicial notice of this fact. Plaintiff does not contest the fact that the OCC regulates defendant. Plaintiff also does not dispute defendant's assertion that the court may take judicial notice of this status, and his concession is consistent with the authority available on this question. *Tal*, 453 F.3d at 1264 n.24 ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment" (citations omitted)). The court thus takes judicial notice of the fact that defendant is regulated by the OCC, and thus, is subject to federal regulation.

### B. Defendant's Status as a "Supplier" Under the KCPA

The Kansas legislature enacted the KCPA "to protect consumers from suppliers who commit deceptive and unconscionable practices." Kan. Stat. Ann. § 50-623(b). The KCPA requires the court to construe the act liberally to promote these policies. *Id.*; *Golden v. Den-Mat Corp.*, 276 P.3d 773, 789, 790 (Kan. Ct. App. 2012) (KCPA is remedial legislation and requires broad and liberal construction).

---

[1] *See* Ex. 1. (Doc. 9-1 at 3). Defendant attached the list of national banks active as of June 30, 2017. Also, this list is available on the OCC's website. *See* https://occ.gov/topics/licensing/national-banks-fed-savings-assoc-lists/national-by-name-pdf.pdf. Defendant emphasizes that under *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 6 (2007), "business activities of national banks are controlled by the [Bank Act] and regulations promulgated thereunder by the [OCC]."

Defendant asserts that plaintiff fails to state a claim against it under the KCPA. Its argument relies on the KCPA's definition of "supplier," which, according to the Act, excludes "any bank, trust company or lending institution which is subject to state or federal regulation with regard to disposition of repossessed collateral by such bank, trust company or lending institution." Kan. Stat. Ann. § 50-624(l). Our court has construed this statute to exclude banks and lending institutions, who are subject to state and federal regulations, from the definition of "supplier." *In re Larkin*, 553 B.R. 428, 444 (Bankr. D. Kan. 2016); s*ee also Kastner v. Intrust Bank*, No. 10-1012-EFM, 2011 WL 721483, at *2 n.3 (D. Kan. Feb. 22, 2011) ("[Section] 50-624(l) appears to exclude banks and lending institutions that are subject to state and federal regulation from the definition of 'supplier' and the court assumes that defendant Intrust Bank satisfies this exception."); *see also In re Long*, Bankr. No. 09-12827, Adversary No. 09-5303, 2011 WL 976460, at *7 (Bankr. D. Kan. Mar. 1, 2011) (explaining that under the KCPA, "[a] 'supplier' is a 'manufacturer, distributor, dealer, seller, lessor, assignor, or other person' who engages in 'consumer transactions,' but the definition of supplier does not include any 'bank, trust company or lending institution' that is state or federally regulated" and holding that a company satisfied the definition of "supplier" where it was not "a regulated lending entity").

Plaintiff asserts that the statute's legislative history supports a narrower construction of the KCPA, applying only to suppliers engaging in transactions "relating to the occasional sales of certain repossessed collateral." Doc. 10 at 2. But, our court has rejected this very argument. *See Kalebaugh v. Cohen, McNeile & Pappas, P.C.*, 76 F. Supp. 3d 1251, 1260 (D. Kan. 2015) (rejecting a plaintiff's argument "that the KCPA only excludes banks, trust companies, and lending institutions when the issue at hand is the 'disposition of repossessed collateral'" because the court found "no support, statutory or otherwise for this distinction" and also could not

5

"extrapolate this meaning from the plain language of the statute"). More recently, the Bankruptcy Court for Kansas has concluded that the unambiguous statutory language in the KCPA specifically excludes from the KCPA's definition of "supplier" any bank that is subject to state or federal regulation. *Larkin*, 553 B.R. at 444. In doing so, Judge Nugent expressly rejected plaintiff's argument that "disposition of repossessed collateral" is a prerequisite to conclude that a federal or state regulated bank is excluded from the scope of the term "supplier" under KCPA. *Id.*

Following the previous decisions by our court and the bankruptcy court, the court concludes here that the language of the statute is plain and unambiguous. The KCPA specifically excludes state and federally regulated banks from the definition of "supplier." As explained above, defendant is subject to federal regulation under the OCC. Defendant thus is a federally-regulated bank, and it is not a "supplier" under the KPCA.

Plaintiff makes one last argument trying to avoid dismissal of his KCPA claim. He argues that the federal court cases cited above provide merely persuasive authority and, plaintiff contends, Kansas state courts would treat banks as suppliers. But plaintiff cites no cases interpreting the current version of the Act to support this argument. Plaintiff's reliance on *York v. InTrust Bank, N.A.*, 962 P.2d 405 (Kan. 1998) is misplaced because it analyzed an earlier version of the KCPA. In *York*, the Kansas Supreme Court held that a bank was a "supplier" where, in the ordinary course of its banking business, the bank seized collateral on loans it made and then disposed of that collateral. *Id.* at 419–20. But, the Kansas legislature's amendment to the KCPA in 2005 appears to supersede *York* because the amendment added the exclusion of state or federally regulated lending institutions from the definition of "supplier" in Kan. Stat. Ann. § 50-624(l).

Plaintiff cites only one case decided after the 2005 amendment to Kan. Stat. Ann. § 50-624(l), *Queen's Park Oval Asset Holding Tr. v. Belveal,* Nos. 114,849, 115,246, 2017 WL 2001609 (Kan. Ct. App. May 12, 2017). But, *Queens Park* held that no consumer transaction occurred under the KCPA based on the facts of that case. *Id.* at *4. The court never considered whether a bank could qualify as a "supplier" under KCPA. *Id*. Plaintiff cites no Kansas authority following the 2005 amendment interpreting Kan. Stat. Ann. § 50-624(l)'s exclusion of state and federally regulated banks any differently than our court and the bankruptcy court have held in the above-cited cases. The court thus rejects plaintiff's argument that defendant is a "supplier" under the KCPA.

### IV.   Conclusion

The court grants defendant's partial motion to dismiss. The court takes judicial notice that defendant is federally regulated by the OCC. A bank subject to federal regulation is not a "supplier" under the KCPA's exclusion in § 50-624(1). Thus, the court concludes, plaintiff has failed to show that defendant could qualify as a "supplier" under the KCPA. The court thus dismisses Count III because, as a matter of law, it fails to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's partial Motion to Dismiss (Doc. 8) is granted.

**IT IS SO ORDERED.**

**Dated this 7th day of November, 2017, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**